UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN JELEN,

                Plaintiff,

      -against-

UNITED STATES MARSHALS SERVICE,
*et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

18cv680

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Plaintiff Sean Jelen seeks a temporary restraining order against Deputy U.S. Marshals Kevin Kamrowski, Jamal Brown, and Ivan Santos pending the resolution of his claims against those defendants. (See ECF No. 47.) Jelen claims that injunctive relief is necessary to protect him from retaliation based on the filing of this lawsuit and his allegations of unlawful behavior by Kamrowski, Brown, and Santos.

## DISCUSSION

        The standards for obtaining a temporary restraining order and a preliminary injunction are the same. Andino v. Fisher, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). Specifically, the movant must demonstrate (1) the likelihood of irreparable harm in the absence of injunctive relief; (2) either a likelihood of success on the merits, or sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation; (3) that the balance of hardships tips in the movant's favor; and (4) that injunctive relief is in the public interest. N.Y. *ex rel.* Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015); see also Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010). Importantly, "a temporary restraining

order, like a preliminary injunction, 'is an extraordinary remedy never awarded as of right,'" but is left to a court's sound discretion. Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385, 391 (S.D.N.Y. 2011) (quoting Salinger, 607 F.3d at 79).

Here, Jelen's inability to demonstrate a likelihood of irreparable harm is fatal to his application. Irreparable harm requires an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Actavis PLC, 787 F.3d at 660 (quoting Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999)). At bottom, Jelen premises his request for relief on his belief that Kamrowski, Brown, and Santos might retaliate against him if they had the opportunity. But Jelen does not articulate "how, when, or where he will be retaliated against, or that the retaliation will result in irreparable harm." See Ward v. LeClaire, 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007); accord Salvatierra v. Connolly, 2010 WL 5480756, at *24 (S.D.N.Y. Sept. 10, 2010) (finding a "general fear of future retaliation . . . too speculative to warrant injunctive relief"), report and recommendation adopted, 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011).

In other words, the threat of retaliation is based on nothing other than Jelen's speculation that at some unspecified time in the future, he may encounter them and they may retaliate against him in some unspecified manner. (See ECF No. 47, at 2 (stating only that the defendants "can endanger the life and safety of [Jelen]"); ECF No. 55, at 2-3 (contending that Jelen "can be released much earlier" than his term of incarceration, that he "can be unwittingly exposed" to the defendants, and that he "can be targeted again" by the defendants).) Such a hypothetical and attenuated possibility of retaliation does not equate to actual and imminent injury warranting the extraordinary remedy of preliminary injunctive relief.

CONCLUSION

Based on the foregoing, Jelen's motion for a temporary restraining order and preliminary injunction is denied. The Clerk of Court is directed to mail a copy of this Memorandum & Order to Jelen.

Dated: May 6, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.